**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

---

**KURTIS BROWN**, *Individually,
and on behalf of himself and others similarly
situated current and former employees*,

      Plaintiffs,

         v.

                                 **Case No.** _____

**KOPPERS PERFORMANCE
CHEMICALS, INC.**
*d/b/a Koppers, Inc., and*
**KOPPERS, INC.**

                                 **FLSA 216(b) Multi-Plaintiff Action
JURY DEMANDED**

      Defendants.

---

**FLSA 216(b) MULTI-PLAINTIFF ACTION COMPLAINT**

---

Named Plaintiff, Kurtis Brown ("Plaintiff"), individually, and on behalf of himself and all other similarly situated non-exempt hourly-paid chemical plant employees, brings this Fair Labor Standards Act ("FLSA") 216(b) Multi-Plaintiff action against Koppers Performance Chemicals, Inc. and Koppers, Inc. ("Defendants" or "Koppers") and states as follows:

## I.      <u>INTRODUCTION</u>

1.     This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated chemical plant employees, otherwise known as potential plaintiffs.

1

2. Defendants violated the FLSA by failing to pay Plaintiffs, and potential plaintiffs for all hours worked over forty (40) within weekly pay periods at one and one-half times their regular hourly pay rate.

3. Plaintiff Kurtis Brown bring this individual and multi-plaintiff action to recover unpaid overtime and other damages from Koppers.

4. Plaintiff Brown worked for Koppers as a chemical plant employee in Defendants' Millington, Tennessee location.

5. Like the potential plaintiffs (as defined below), Plaintiff Brown regularly worked more than forty (40) hours in a week.

6. Koppers did not pay for all hours Plaintiff Brown and potential plaintiffs worked.

7. Koppers automatically deducted one (1) hour per shift from Plaintiff Brown and potential plaintiffs' work time for so-called meal breaks.

8. However, Koppers fails to provide Plaintiff Brown and potential plaintiffs with bona fide meal breaks.

9. Instead, Koppers requires Plaintiff Brown and potential plaintiffs to remain on-duty throughout their shifts, continue to conduct work duties, operate machinery, and subject them to interruptions, including during their unpaid "meal breaks."

10. Koppers' auto-deduction policy violates the FLSA by depriving Plaintiff and potential plaintiffs of overtime pay for all overtime hours worked.

## II.    PARTIES

11. Plaintiff Kurtis Brown has been directly employed by Defendants as a non-exempt hourly-paid chemical plant worker during the three years preceding the filing of this complaint.

12. Defendant, Koppers Performance Chemicals, Inc. is a New York corporation with its principal place of business located at 1016 Everee Inn Road, Griffin, GA, 30224. Defendant, Koppers Performance Chemicals, Inc. can be served via its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

13. Defendant, Koppers, Inc. is a Pennsylvania corporation with its principal place of business located at 436 7th Ave., STE 1750, Pittsburgh, PA, 15219. Defendant, Koppers, Inc. can be served via its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

14. Upon information and belief, the Defendants as an integrated enterprise own and operate the Millington, TN chemical plant. The Defendants operate under the trade name "Koppers, Inc." and as one enterprise perform related activities as a unified operation under common control and for a common business purpose. Finally, Defendants operate a single website advertising their services and holding themselves out to the public as a unified operation. *https://www.koppersperformancechemicals.com/.*

### III.   JURISDICTION AND VENUE

15. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

16. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff and potential plaintiffs were employed by and worked for Defendants within this District. Defendants have conducted business within this district during the three (3) years prior to the filing of this Complaint and currently conduct business in this District.

### IV.   COVERAGE

17. Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d) during the

three years prior to the filing of this complaint.

18. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during the three years prior to the filing of the Original Complaint to date.

19. Defendants engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had annual gross revenue of not less than $500,000 during all times material to this action.

20. Defendants have been the "employer" of Plaintiff and potential plaintiffs, as "employer" is defined by §203(d) of the FLSA.

21. Plaintiff and potential plaintiffs have been "employees" of Defendants as that term is defined in the FLSA, and such employees have engaged in commerce or the production of goods for commerce on behalf of Defendants, as defined by 29 U.S.C. §§ 206– 207, during the three years prior to the filing of this complaint.

## V.   ALLEGATIONS

22. Defendants own and operate a chemical plant in Millington, TN.

23. Plaintiff and potential plaintiffs were employed by Defendants as hourly-paid chemical plant employees, during the three years prior to the filing of this complaint.

24. As an integrated enterprise performing related activities as a unified operation under common control for a common business purpose Defendants are jointly and severally liable to Plaintiff and potential plaintiffs for all of Defendants' FLSA violations.

25. During the three (3) years prior to the filing of this complaint, Defendants have had a

timekeeping system to record the hours worked by Plaintiff and potential plaintiffs.

26. Plaintiff and potential plaintiffs worked forty (40) hours or more within weekly pay periods during the three (3) years prior to the filing of this complaint.

27. Defendants have had a common practice of failing to pay Plaintiff and potential plaintiffs for all their overtime hours worked either by a failure to record such overtime hours into their timekeeping system or editing/shaving out such overtime hours from their timekeeping system.

28. Defendants routinely and regularly require their hourly paid chemical plant employees remain on duty, subject to interruption during meal breaks.

29. Defendants do not pay their hourly paid chemical plant employees for their one (1) hour meal periods during their shifts, as a result of an automatic deduction, even though they must remain on-duty throughout their shifts, continue to conduct work duties, operate machinery, and subject them to interruptions, including during their unpaid "meal breaks.".

30. Considering Plaintiff and potential plaintiffs worked forty (40) hours or more within weekly pay periods without counting the unpaid meal break times, when such unpaid meal times are added to their weekly earned hours, such unpaid meal times are to be counted as overtime hours.

31. As a result, Defendants have failed to pay Plaintiff and potential plaintiffs for all their compensable unpaid one (1) hour meal breaks at one and one-half times their regular hourly rates of pay within bi-weekly pay periods during the three years prior to the filing of this complaint.

32. Defendants have been aware they were not compensating Plaintiff and potential plaintiffs for all their unpaid overtime hours at the applicable FLSA overtime compensation rates of

pay within weekly pay periods during the three years prior to the filing of this complaint.

33.   Plaintiff and potential plaintiffs' unpaid overtime wage claims are unified through a standard theory of Defendants' FLSA violations.

34.   Defendants' common practice of failing to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

35.   Defendants' failure to compensate Plaintiff and potential plaintiffs for their unpaid overtime hours was willful with reckless disregard to the FLSA overtime compensation requirements and without a good faith basis.

36.   Due to Defendants' lack of a good faith basis and willful failure to pay Plaintiff and potential plaintiffs in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation and other damages.

37.   The net effect of Defendants' common practice of failing to pay Plaintiff and potential plaintiffs one-and-one-half times their regular hourly rates of pay for all hours worked over forty (40) hours within weekly pay periods during all times material to this action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and potential plaintiffs.

## VI. FLSA MULT-PLAINTIFF ACTION ALLEGATIONS

38.   Plaintiff brings this lawsuit as a multi-plaintiff action on behalf of himself, as an individual, on behalf of similarly situated potential plaintiffs pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

39.   More particularly, Plaintiff brings this action in an effort to send notice to invite the

following group of potential plaintiffs to join this action:

> All current and former hourly-paid chemical plant employees of Defendants who have performed work for Defendants anywhere in Tennessee during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

40.    Plaintiff and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *among other things*, Defendants employed a common pay practice that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) within weekly pay periods at one and one-half times their regular hourly rates of pay, as required by the FLSA, and as previously described.

41.    This action is properly maintained as a multi-plaintiff action because Plaintiff and potential plaintiffs have been similarly deprived of overtime compensation due to Defendants' unlawful pay practices.

42.    Plaintiff and potential plaintiffs are similarly situated because their unpaid overtime wage claims are unified through a standard theory of Defendants' FLSA violations.

43.    The multi-plaintiff action or notice mechanism (§216(b)) is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and substantially impair the ability of the Plaintiff and potential plaintiffs to protect their interests.

44.    The Plaintiff will fairly and adequately protect the interests of potential plaintiffs as his interests are in complete alignment with those of and potential plaintiffs, i.e., to pursue

their aforementioned unpaid overtime compensation claims.

45.   Counsel for Plaintiff will adequately protect their interests as well as the interests of all potential plaintiffs.

46.   Defendants knew Plaintiff and potential plaintiffs performed compensable overtime work within bi-weekly pay periods during all times material without compensating for such unpaid overtime time at the applicable FLSA overtime compensation rates of pay.

47.   Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiff and potential plaintiffs.

48.   Defendants do not have a good faith basis for failing to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during the three years prior to the filing of the Original Complaint to date.

49.   Thus, Defendants are liable to Plaintiffs and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid overtime.

50.   The Plaintiff requests this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b) to seek unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

51.   Plaintiff does not know the precise number of potential plaintiffs as of this time, but this can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

52.   Given the composition and number of potential plaintiffs, they may be informed of the

pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting a notice at all of the Defendants' facilities.

## COUNT I
### (Violation of the Fair Labor Standards Act)

53. Plaintiff incorporates all preceding paragraphs as fully as if written herein by reference.

54. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), during the three years prior to the filing of the Original Complaint to date, as previously described.

55. Defendants failed to pay Plaintiff and potential plaintiffs one and one-half times their regular hourly rates for all hours worked over forty (40) within bi-weekly pay periods, during the three years prior to the filing of this complaint, as previously addressed.

56. Defendants' practice of failing to pay Plaintiff and potential plaintiffs for all their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material violated the overtime provisions of the FLSA – as previously described.

57. Through its actions, inactions, and practices, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked more than forty (40) within weekly pay periods at one-and-one-half times their regular hourly rates during the three years prior to the filing of this complaint.

58. Defendants' actions were willful with reckless disregard to clearly established FLSA provisions.

59. Defendants do not have a good faith basis for their conduct.

60. The unpaid overtime claims of the Plaintiff and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

61.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

62.    Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, on behalf of himself, and on behalf of potential plaintiffs, requests the Court to enter judgment in their favor on this First Amended Complaint and:

a)  Promptly facilitate notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b) Award Plaintiff and potential plaintiffs who join this action FLSA statutory damages against Defendants;

c) Award Plaintiff and potential plaintiffs who join this action all unpaid overtime compensation against Defendants;

d) Award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA against Defendants;

e) Award Plaintiff and potential plaintiffs prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and potential plaintiffs post-judgment interest and court costs as allowed by law;

g) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h) Award Plaintiff and potential plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

i) Allow Plaintiff to amend his Original Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 25, 2025.                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #041423)
Cooper P. Mays (TN BPR #042347)
**JACKSON SHIELDS HOLT**
**OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jbryant@jsyc.com*
*jleatherwood @jsyc.com*
*jautry@jsyc.com*

***ATTORNEYS FOR PLAINTIFF, OPT-IN***
***PLAINTIFFS AND POTENTIAL PLAINTIFFS***

11