## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **KURTIS BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 2:25-cv-02330-MSN-cgc** |
| | ) | |
| **KOPPERS PERFORMANCE** | ) | **Judge Mark S. Norris** |
| **CHEMICALS, INC. d/b/a Koppers, Inc.,** | ) | |
| **and KOPPERS, INC.** | ) | **JURY DEMAND** |
| | | |
| **Defendants.** | | |

### ANSWER OF DEFENDANTS

**COME NOW** the Defendants named as Koppers Performance Chemicals[1], Inc. and Koppers, Inc. ("Defendants") by and through its legal counsel, and hereby answer Plaintiff's Complaint, paragraph by paragraph, as follows. To the extent a response is required to the allegations set forth in the unnumbered introductory paragraph to Plaintiff's Complaint, Defendants deny the same, and deny all allegations of wrongdoing. By way of further answer, Defendants state as follows:

1.     This Paragraph contains no factual allegations for which a responsive pleading is required, but to the extent a response is required, Defendants deny the allegations.

2.     Denied.

3.     This Paragraph contains no factual allegations for which a responsive pleading is required, but to the extent a response is required, Defendants deny the allegations.

---

[1] Koppers Performance Chemicals, Inc. is a subsidiary of parent company Koppers, Inc. Koppers Performance Chemicals, Inc. does not do business as or operate under the trade name Koppers, Inc. Defendants deny that Koppers, Inc. is a proper party to this action.

4.      It is admitted that Plaintiff Brown was an hourly employee of Defendant Koppers Performance Chemicals, Inc. during the relevant time period. However, Plaintiff Brown was primarily employed as an hourly material handler employee, but for short discrete time periods when he worked as an hourly chemical plant employee.   Any allegation inconsistent with this response is denied. Additionally, denied with respect to Defendant Koppers, Inc.

5.      Admitted with respect to Plaintiff Brown, denied with respect to "the potential plaintiffs (as defined below)".

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Defendants admit that Plaintiff Kurtis Brown was directly employed by Defendant Koppers Performance Chemicals, Inc.  as a non-exempt hourly-paid employee from approximately May 22, 2023 to September 18, 2024.   Defendants deny the remaining allegations in this Paragraph.

12.     It is admitted that Koppers Performance Chemicals, Inc. is  New York corporation with its principal place of business located at 635 Highway 745, Peachtree City, GA, 30269. It is further admitted that Koppers Performance Chemicals Inc. can e served via its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

13.     Admitted.

14.     Denied as stated. It is admitted that Koppers Performance Chemicals, Inc. owns and operates the Millington, TN chemical plant. It is denied that Defendant Koppers Performance

Chemicals, Inc. operates under the single trade name "Koppers, Inc." and/or operates as one enterprise or in unified operation under common control for a common business purpose. It is further denied Defendants operate under a single website. Any allegation inconsistent with this response is denied.

15. Admitted, with respect to subject matter jurisdiction.

16. Admitted, with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Defendant Koppers, Inc.

17. Admitted, with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Defendant Koppers, Inc.

18. Denied.

19. Admitted, with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Koppers, Inc.

20. Admitted, with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Defendant Koppers, Inc.

21. Admitted with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Defendant Koppers, Inc.

22. Admitted, with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Defendant Koppers, Inc.

23. Defendants admit that Plaintiff Kurtis Brown was directly employed by Defendant Koppers Performance Chemicals, Inc as a non-exempt hourly-paid employee at its Millington, TN facility from approximately May 22, 2023 to September 18, 2024. Defendants admit that other hourly, non-exempt employees worked at this location during the three years prior to filing of this complaint. Defendants deny the remaining allegations in this Paragraph.

24.    Denied.

25.    Admitted, with respect to Defendant Koppers Performance Chemicals, Inc. Denied with respect to Defendant Koppers, Inc.

26.    Admitted that Plaintiff Brown or other hourly employees at times worked for more than 40 hours in a week during the 3 years prior to filing this Complaint.  Denied with respect to the remainder of the allegations in this paragraph.

27.    Denied.

28.    Denied.

29.    Denied.

30.    The factual allegations in this Paragraph are denied.  To the extent the Paragraph is simply stating legal conclusions or the requirements of applicable law, a response is not required.

31.    Denied.

32.    Denied.

33.    Any factual allegations in this Paragraph are denied.  To the extent the Paragraph is simply stating legal conclusions or the requirements of applicable law, a response is not required.

34.    Denied

35.    Denied.

36.    Denied.

37.    Denied.

38.    This Paragraph contains no factual allegations for which a responsive pleading is required, but to the extent a response is required, Defendants deny the allegations. Defendants deny that this Complaint contains allegations sufficient to warrant certification of a group of similarly situated individuals or issuance of notice to same.

39.     This Paragraph contains no factual allegations for which a responsive pleading is required, but to the extent a response is required, Defendants deny the allegations. Defendants deny that this Complaint contains allegations sufficient to warrant certification of a group of similarly situated individuals or issuance of notice to same.

40.     Denied.

41.     Denied.

42.     Denied. Defendants specifically deny that this Complaint contains allegations sufficient to warrant certification of a group of similarly situated individuals or issuance of notice to same.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Defendants deny that this Complaint contains allegations sufficient to warrant certification of a group of similarly situated individuals or issuance of notice to same.

51.     Defendants deny that this Complaint contains allegations sufficient to warrant certification of a group of similarly situated individuals or issuance of notice to same.  Defendants further deny that this Complaint contains allegations sufficient to warrant broad discovery in this matter (i.e. a "fishing expedition") as described in this Paragraph.

52.     Defendants deny that this Complaint contains allegations sufficient to warrant certification of a group of similarly situated individuals or issuance of notice to same.

53.     This Paragraph does not require a response.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.  Defendants further deny that any of the relief set forth in the Prayer for Relief is appropriate or should be awarded.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses, each as a separate and distinct defense to Plaintiff's alleged cause(s) of action, as well as to the entire Complaint. Insofar as any of the following express denial of a specific element of any of the claims alleged against Defendants, such expression is in no way intended as a concession that Plaintiff is relieved of his burden to prove each element of each claim he has made in this Complaint.

Defendants do not assume the burden of a defense asserted herein that is adjudged not to be an affirmative defense, whether listed here or not.

## FIRST DEFENSE

Some or all of Plaintiff's claims are (a) impermissibly vague and ambiguous and/or (b) fail to state a claim upon which relief may be granted.

6

## SECOND DEFENSE

Plaintiff's claims under the FLSA fail because Plaintiff has been paid all overtime to which Plaintiff was entitled.

## THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiff cannot establish that he is representative of a class of similarly situated individuals, nor the existence of each of the requirements under Section 216(b) of 29 U.S.C.

## FOURTH DEFENSE

Some or all of Named Plaintiff's claims, as well as the claims of potential opt-in plaintiffs, are barred in whole or in part by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff's claims and the claims of the putative collective are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under applicable law.

## SIXTH DEFENSE

Named Plaintiff and any members of the putative collective are not entitled to any extension of any statute of limitations period because they cannot demonstrate that Defendants willfully, knowingly, intentionally, or recklessly failed to comply with the FLSA.

## SEVENTH DEFENSE

All or part of the time for which Named Plaintiff and potential opt-in plaintiffs seek compensation does not constitute compensable working time within the meaning of the FLSA and applicable regulations.

## EIGHTH DEFENSE

At all times, Defendants acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

## NINTH DEFENSE

Named Plaintiff and any potential opt-in plaintiffs are foreclosed from recovering damages for any weeks in which they did not work more than forty hours during the week.

## TENTH DEFENSE

Named Plaintiff cannot maintain this action as a collective action because no common questions of law or fact exist nor are the claims of the Named Plaintiff typical of the persons he purports to represent.

## ELEVENTH DEFENSE

Some or all of the disputed time is not compensable pursuant to the de minimis doctrine.

## TWELFTH DEFENSE

The allegations contained in the Complaint are barred in whole or in part by the equitable doctrines of waiver, estoppel and/or unclean hands, payment and accord and satisfaction.

## THIRTEENTH DEFENSE

Defendant Koppers, Inc. is not the employer of Plaintiff as defined by the FLSA and therefore is not a proper party to this action.

## FOURTEENTH DEFENSE

Defendant Kopper's, Inc. lacks sufficient minimum contacts with the forum and accordingly is not subject to personal jurisdiction in this Court.

Defendants invoke all defenses, protections, and limitations of the FLSA, 29 U.S.C. § 201, et seq., and reserve the right to amend this Answer to assert all affirmative or other defenses made known to it through further investigation and discovery in this matter.

Wherefore, Defendants pray as follows:

A.      That collective action treatment be denied;

8

B.    That Plaintiff's claims against them be dismissed with prejudice;

C.    That the costs of this action be taxed to the Plaintiff; and

D.    That this Court award such other general and further relief to which Defendants

may be entitled.

Respectfully Submitted,

*/s/* Mrinalini Jayashankar
Kara E. Shea, BPR #18221
Mrinalini Jayashankar BPR #28347
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone:  (901) 680-7200
Facsimile:  (901) 680-7201
Kara.Shea@butlersnow.com
Melanie.Jayashankar@butlersnow.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been filed electronically with the Court's CM/ECF system upon:

Gordon E. Jackson
J. Russ Bryant
J. Joseph Leatherwood IV
Joshua Autry
Cooper P. Mays
JACKSON SHIELDS HOLT
OWEN & BRYANT
262 German Oak Drive
Memphis, TN 38018
Telephone:  (901) 754-8001
Facsimile:  (901) 754-8524
gjackson@jsyc.com
rbryant@jsyc.com
jleatherwood@jsyc.com
jautry@jsyc.com
cmays@jsyc.som

*Attorneys for Plaintiff, Opt-in Plaintiffs*
*And Potential Plaintiffs*

on this 11th day of July, 2025.

*/s/* Mrinalini Jayashankar
Mrinalini Jayashankar

94300091.v1

10